NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 04-3582

JOSEPH D. DeSANTIS,
                                            Appellant

v.

SHELDON FRANKLIN, JSC, State of New Jersey;
BARBARA DeSANTIS; MICHAEL WENNING; BRIAN WINTERS;
STATE OF NEW JERSEY

On Appeal from the United States District Court
for the District of New Jersey
D.C. Civil Action No. 04-cv-02521
(District Judge: Honorable Garrett E. Brown, Jr.)

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 7, 2005
Before:  SCIRICA, Chief Judge, FISHER and GREENBERG, Circuit Judges

(Filed: December 23, 2005)

OPINION OF THE COURT

PER CURIAM.

Joseph DeSantis appeals the District Court's order dismissing his amended

complaint.  DeSantis filed a complaint against his former spouse, her attorneys, a state

court judge, and the State of New Jersey in the District Court for the District of New

Jersey. The allegations of the complaint concerned DeSantis's state court divorce proceedings and the conditions of the sale of the marital home ordered by the state court. DeSantis demanded monetary damages and injunctive relief. The District Court ordered DeSantis to show cause why the case should not be dismissed for lack of subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) or for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).[1] DeSantis filed an amended complaint with additional allegations on the same issues. The state court judge and the State filed motions to dismiss. The District Court dismissed the amended complaint. DeSantis filed a timely notice of appeal, and we have appellate jurisdiction under 28 U.S.C. § 1291.

Appellee argues that the District Court lacked jurisdiction under the Rooker-Feldman doctrine. We agree. The Rooker-Feldman doctrine deprives a federal district court of jurisdiction to review, directly or indirectly, a state court adjudication. See D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923). A federal claim is barred if it is "inextricably intertwined" with the state court adjudication. We recently noted that

> [a] federal claim is inextricably intertwined with an issue adjudicated by a
> state court when . . . the federal court must take an action that would negate
> the state court's judgment. . . . Rooker-Feldman does not allow a plaintiff to
> seek relief that, if granted, would prevent a state court from enforcing its
> orders.

---

[1]While Rule 12(h)(3) allows a District Court to dismiss an action for lack of subject-matter jurisdiction on its own motion, Rule 12(b) addresses defenses to be raised by defendants. Because DeSantis paid the filing fee and was not proceeding in forma pauperis, his complaint was not subject to sua sponte dismissal for failure to state a claim.

<u>In re Knapper</u>, 407 F.3d 573 (3d Cir. 2005). In his amended complaint, DeSantis sought compensation for his costs related to the state court proceedings and appeals. He also requested recusal and removal of the state court judge. Granting that relief would allow DeSantis to use the federal courts to appeal a state court judgment and falls clearly within the <u>Rooker-Feldman</u> doctrine, which applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the District Court proceedings commenced and inviting District Court review and rejection of those judgments." <u>Exxon Mobil Corp. v. Saudi Basic Indus. Corp.</u>, __ U.S. __ , 125 S. Ct. 1517, 1521-22 (2005). Thus, the District Court lacked subject-matter jurisdiction over the complaint.

Because we conclude that the District Court lacked jurisdiction over the complaint, we need not address its conclusion that the complaint failed to state a claim. For the above reasons, we will affirm the District Court's August 10, 2004, order. Appellees' motion to strike appellant's brief is denied.